IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

R.S., a minor, by and through her next friend )
Christina Serrone Shields, )
                Plaintiff, )
v. ) Case No. 5:15-cv-06154
  )
Target Corporation, )
                Defendant. )

**ORDER**

Pending before the Court are (1) Plaintiff's Motion to Remand (Doc. No. 25); and (2) Plaintiff's Notice of 30(b)(6) Deposition (Doc. No. 30).

**I.    Background**

The present matter was filed in Platte County, Missouri, Circuit Court on September 25, 2015, and was timely removed to this court on November 11, 2015, based on diversity jurisdiction. At that time, plaintiff did not file a motion to remand. The facts, generally, are that the minor plaintiff tripped and fell in a Target store, and alleges that she suffered head and neck injuries, which cause continuing injuries. Discovery closed on July 29, 2016, and defendant filed a motion for summary judgment on Friday, August 12, 2016.

**II.    Plaintiff's motion to remand**

Plaintiff moved to remand this case on July 11, 2016, a few weeks before discovery was set to close. On that same date, plaintiff filed a stipulation that the amount in controversy is less than $75,000. She argues that the Court must remand the case to state court based on this stipulation. Defendant responds that removal jurisdiction is based on the facts known at the time of removal. Here, contemporaneously with the

removal, defense counsel communicated with plaintiff's counsel, who told him at the time that plaintiff could not stipulate to less than $75,000 in damages and that plaintiff would not move to remand.   As this Court noted in a recent order,

> [t]he Supreme Court held in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938), that a plaintiff may prevent removal by committing to accept less than the federal jurisdictional amount. After a case has been removed to federal court, however, it is too late for the plaintiff to foreclose federal jurisdiction by agreeing to collect less than the jurisdictional amount. Id. at 292–93. The rule from St. Paul Mercury has consistently been applied to cases in which the petition at the time of removal expressly stated a claim in excess of the jurisdictional amount, and therefore, removal jurisdiction had already attached....Plaintiff's petition in this case does not expressly state a claim in excess of the jurisdictional amount. Further, plaintiff now stipulates that her damages do not exceed and she will not seek an amount greater than $75,000.
>
> Where damages are not specified in a state court complaint, this Court and others in the Eighth Circuit have considered a post-removal stipulation to determine whether jurisdiction has attached, as long as the stipulation can be considered as clarifying rather than amending an original pleading.

Penn v. Cypress Media, L.L.C, No. 15-CV-00397-W-FJG, 2015 WL 5970591, at *3 (W.D. Mo. Oct. 13, 2015) (citing Levinson v. Cincinnati Ins. Co., No. 4:13–CV–1595 CAS, 2013 WL 5291772, *2 (E.D.Mo.Sept.19, 2013).   Furthermore, the Court noted that "Because Missouri prohibits a plaintiff from seeking a specific amount of damages in his state court complaint, I may consider post-removal stipulations and pleadings to determine whether jurisdiction has attached, as long as it clarifies rather than amends an original pleading." Id. (citing Ashworth v. Bristol West Ins. Co., No. 4:13CV1599 CDP, 2013 WL 5493420 (E.D.Mo. Oct. 1, 2013).

In the present case, the Court cannot consider a stipulation filed some eight months after removal as a clarification of the amount in controversy.   Instead, it is plain

2

that such a filing is an attempt by plaintiff to amend her pleadings. The Court is unaware of any cases in this jurisdiction wherein such a stipulation filed many months after removal (and nearly at close of discovery) has been used to justify remand; instead, such stipulations are typically filed shortly after removal. The Court further finds plaintiff's arguments particularly unconvincing due to the exhibits attached to defendant's suggestions in opposition, wherein plaintiff's counsel represents shortly after the filing of the state court petition that he cannot stipulate to less than $75,000 in damages.

Therefore, for the foregoing reasons, plaintiff's motion to remand (Doc. No. 25) is **DENIED.**

### III. Plaintiff's Notices of 30(b)(6) Deposition

Discovery closed on July 29, 2016. On August 5, 2016, the Court entered an order requiring the parties to certify they had completed discovery. Subsequently, both sides filed separate documents indicating that discovery was complete except for one deposition, that of defendant's 30(b)(6) corporate representative. The notice of 30(b)(6) deposition was filed the next day, on August 11, 2016, setting the deposition for August 26, 2016. On August 18, 2016, plaintiff filed an amended notice of 30(b)(6) deposition, setting the deposition for August 30, 2016. See Doc. No. 33.

No one has filed a motion for extension of time to complete discovery, even though the Court specifically warned parties not to do discovery beyond the close date without court permission in numerous prior orders. See Doc. No. 6, p. 2, ¶ 4(f) ("Extensions of scheduling order deadlines are governed by Local Rule 16.3. Counsel may not agree informally amongst themselves to extend the deadlines established by the Scheduling and Trial Order, and instead must file a motion with the Court."); Doc. No. 8, p. 2 ("The

schedules fixed herein [the Court's Scheduling Order] will not be extended except for good cause shown and upon further written order of the Court."; also noting that close of discovery means all discovery, including the taking of depositions); Doc. No. 15, p. 1 ("The parties are cautioned that if they wish the Court to extend the discovery deadline, they must file a motion for extension of time demonstrating good cause for the extension sought."); Doc. No. 20 (same as Doc. No. 8). In both Doc. No. 8 and Doc. No. 20, the Court cautions that "Any last minute discovery . . . may be stricken."

Accordingly, the Court finds plaintiff's notices of deposition (Doc. Nos. 30 and 33) must be **QUASHED**, as they were submitted after close of discovery without seeking the permission of the Court. As noted above, the Court cautioned the parties months ago that they may not informally agree to extend the deadlines established by the Scheduling and Trial Order without seeking Court permission. See Doc. No. 6. If plaintiff wishes to take the 30(b)(6) deposition of defendant's corporate representative, plaintiff must file a motion for extension of scheduling order deadlines on or before **August 25, 2016.** Plaintiff is cautioned that such a motion will not be automatically granted, particularly considering that the discovery deadline passed several weeks ago.

**IT IS SO ORDERED.**

Dated: August 19, 2016  /s/ Fernando J. Gaitan, Jr.
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge