IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

R.S., a minor, by and through her next friend )
Christina Serrone Shields, )
                Plaintiff, )
v. ) Case No. 5:15-cv-06154
    )
Target Corporation, )
                Defendant. )

**ORDER**

Pending before the Court is Defendant Target Corporation's Motion for Summary Judgment (Doc. No. 31).

**I.  Background**

Plaintiff filed the pending action on September 25, 2015, in the Circuit Court of Platte County, Missouri.  On November 2, 2015, defendant timely removed the action, asserting diversity jurisdiction. Plaintiff, through her next friend, Christina Serrone Shields (plaintiff's mother) asserts that plaintiff tripped and fell in a Target store on September 13, 2012.  Specifically, plaintiff's one-count complaint asserts that plaintiff tripped over a clothing rack projecting out into an aisle.  Doc. No. 32-1, ¶ 5.  Plaintiff asserts that the clothing rack was in an unreasonably dangerous place, and defendant knew or should have known about the dangerous nature of obstructing an aisle to have remedied or warned of the dangerous condition.  Id. ¶¶ 6-7.  Plaintiff further asserts that defendant had a duty to warn plaintiff of the known dangerous condition but failed to do so.  Id. ¶ 8.  Plaintiff alleges that she suffered injuries to her head and neck, and has incurred and in the future will incur expenses related to the treatment of her injuries, and will also incur pain and suffering in the future.  Id. ¶ 9.

On August 12, 2016, defendant moved for summary judgment, arguing that

plaintiff's premises liability negligence claim fails as a matter of law. Specifically, defendant argues that (1) the alleged dangerous condition was open and obvious as a matter of law, absolving defendant of any duty of care owed to plaintiff; and (2) plaintiff is unable to make a prima facie case of negligence against defendant because plaintiff cannot meet the elements necessary to support her claim under Missouri law.

## II. Facts[1]

Plaintiff, by and through her Next Friend, alleges to have been injured at Defendant's Store located at 9040 N. Skyview Avenue, Kansas City, Platte County, Missouri ("Store"), on September 13, 2012, after she tripped over a clothing rack projecting out into an aisle. Petition, Doc. No. 32-1, ¶¶ 3 and 5. On that date, Next Friend Christina Shields ("Shields") and her minor twin daughters, age 3 (one of whom is plaintiff), went to the subject Target Store to look for shoes and accessories for the girls. Doc. No. 32-2, Shields Depo., 6:1-6, 9:24-25, 10:1-12, 11:2-6. Shields did not get a shopping cart and her daughters walked with her in the Store. Id., p. 10:13-17. After initially looking at children's footwear, Shields and plaintiff entered the children's apparel department to look at hair bows on the accessories rack. Id., pp.19:4-7, 16-25; 20:1-4, 19-24.

Shields believes that, while in the children's apparel department, plaintiff tripped over the foot of a rack containing clothing (hereinafter "clothing rack"). Id., pp.21:24-25, 22:1-7. Shields also believes plaintiff fell into an accessories rack approximately eighteen

---

[1] In plaintiff's suggestions in opposition to the pending motion, plaintiff indicates that all defendant's facts are uncontroverted. See Doc. No. 37, p. 2. Plaintiff argues, however, that none of the facts are material. Regardless of plaintiff's position, the Court takes these facts from defendant's suggestions in support of summary judgment.

2

inches from the foot of the clothing rack it is believed plaintiff tripped over. Id., p.23:1-13. The clothing rack in question was the first rack located off of the Store's main aisle. All legs of the clothing rack were located on the carpeted area of the Store, not the tiled aisle. Shields Depo., pp.23:21-25, 24:1-9, 20-25. The accessories rack was also located on the carpeted area. Id., p.24:1-9, 16-25.

Shields did not see plaintiff trip over the foot of the clothing rack. Shields was standing at the accessories rack looking for bows when the incident occurred. Id., p. 22:13-15, 21-25. Shields did not see plaintiff strike the accessories rack. After hearing a thud, Shields saw plaintiff face-down on the floor. Id., pp. 26:1-2, 13-15; 28:24-25; 29:1. Shields testified that plaintiff's twin sister may have been the only person to have seen her trip over the foot of the rack. However, plaintiff's sister never told her mother that she saw anything that had occurred or gave her a version of events. Id., 22:16-20. Additionally, plaintiff R.S. has never told her mother what caused her to fall. Id., p. 35:8-13.

Shields routinely shopped at the Store prior to the subject incident. Shields estimated that she frequented the Store at least twice a month to purchase household goods as opposed to groceries. Id., p. 8:17-25, 9:1-9. Prior to the subject incident, Shields never fell or saw anyone else fall on the Store's premises. Shields Depo., p.9:10-14. Prior to the subject incident, Ms. Shields never made any complaints to Target regarding the condition of its premises at the Store, nor was she aware of any such complaints made by others. Id., p.9:15-21. Multiple times prior to the subject incident, Shields had parked her shopping cart off to the side of the Store's children's apparel department because the distance between the racks therein was too narrow for her to

3

maneuver a cart through. Id., pp. 16:17-25, 17:1-21, 18:5-10. Prior to the subject incident, Shields never spoke with anyone at Target regarding her concern that the distance between the racks in the children's apparel department was too narrow, and she was not aware of any other person who had done so. Id., pp. 16:22-25, 18:1-4.

**III.     Standard**

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The facts and inferences are viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–90 (1986). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Matsushita, 475 U.S. at 586–90.

A nonmoving party must establish more than "the mere existence of a scintilla of evidence" in support of its position. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

> The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.

Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (citations and quotations omitted).

**IV.     Discussion**

Defendant argues that summary judgment is appropriate in this matter because (1)

4

it owed plaintiff no duty due to the open and obvious nature of the condition; and (2) plaintiff cannot make a prima facie case of negligence, as she has no evidence as to what happened to cause plaintiff to fall and has no evidence to show that Target should have known that the condition in question posed a danger to its customers.

### A.     Duty – Open and Obvious Condition

In this case, plaintiff was a business invitee, according to Missouri law. See Harris v. Niehaus, 857 S.W.2d 222, 225 (Mo. Banc 1993) (quoting the Restatement (Second) of Torts, § 332 (1965)).  Under Missouri law regarding invitees, a possessor of land is liable for injuries caused by a condition on the land only if the possessor (1) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, (2) should expect that they will not discover or realize the danger or will fail to protect themselves against it, and (3) fails to exercise reasonable care to protect them against the danger.  Harris, 857 S.W.2d at 225-26. With respect to the second element, "when the dangerous condition is so open and obvious that the invitee should reasonably be expected to discover it and realize the danger, a possessor of land does not breach the standard of care owed to invitees 'unless the possessor should anticipate the harm despite such knowledge or obviousness.'" Id. at 226 (quoting Restatement (Second) of Torts, § 343A(1) (1965)). Defendants under Missouri law should expected that "invitees will exercise ordinary perception, intelligence and judgment, discover [an] obvious[ly dangerous] condition, appreciate the risk it present[s], and take the minimal steps necessary to avert a tragedy."  Id.

5

Defendant argues that plaintiff's next friend, Ms. Shields, testified that she shopped at the store at least twice per month prior to the incident, and that on multiple occasions she recognized that the distance between racks of apparel in the children's section were too narrow for her to move her cart through easily. Therefore, defendant argues that the alleged "narrow" condition of the racks was open and obvious to Ms. Shields, and if the configuration of the racks was indeed dangerous, Ms. Shields was able to discover and appreciate the danger multiple times prior to the date of the accident. Defendant, therefore, argues that as a matter of law it had no duty to protect or warn a business invitee such as Ms. Shields about the condition of its racks on its property, and it cannot be liable for injuries resulting from a condition that was obvious or should have been obvious to one using ordinary care.

In response, plaintiff argues that the issue is not whether the area was unreasonably dangerous to Ms. Shields; instead, plaintiff argues that the area was unreasonably dangerous to a three-year-old minor. Plaintiff argues that the jury will have to decide whether the distance between the hair accessory rack and the clothing rack is too narrow for a three-year-old, and plaintiff further argues that the defendant's motion for summary judgment does not set forth any facts regarding that issue. Plaintiff further argues that she will put forth evidence that the placement of the clothing rack in proximity to hair accessories was dangerous to the minor plaintiff, in that the plaintiff's attention was drawn to the hair bows and she therefore did not see the clothing rack and tripped over it and injured herself. Plaintiff, however, has put forth no admissible evidence as to this theory of the case; the only "evidence" cited in plaintiff's motion for summary judgment are

6

unauthenticated photographs of what appear to be plaintiff's face after the incident and the accessories rack in question. See Exhibits A and B to Doc. No. 37.

In its reply, defendant notes that plaintiff has provided only attorney argument in its suggestions in opposition indicating that the store's condition was unsafe. Statements of counsel, such as the statement that plaintiff was distracted by the placement of the hair bows on the accessories rack, cannot be considered by the court in establishing facts. See United States v. Conservation Chemical Co., 619 F.Supp. 162, 181 (W.D. Mo. 1985) (rejected on other grounds by United States v. Ne. Pharm. & Chem. Co., 810 F.2d 726 (8th Cir. 1986)). Additionally, defendant notes that the minor plaintiff, who was three years old at the time of the incident, is not a competent witness under Missouri law. See R.S. Mo. § 491.060(2), which provides that a witness under ten years of age is disqualified if the witness "appears incapable of receiving just impressions of the facts respecting which he is examined, or of truly relating them; . . . ." (1999). See also State v. Brown, 902 S.W.2d 278, 286 (Mo. banc 1995) (noting that Missouri law creates a rebuttable presumption that a child under 10 years old is an incompetent witness). In the present case, plaintiff's counsel has done nothing to rebut the presumption that plaintiff, who was three years old at the time of the incident, is incompetent to testify. Instead, as noted by defendant, the undisputed material facts demonstrate that the defendant's store configuration was open and obvious at the time of the incident, plaintiff's next friend and mother never complained about the distance between the racks, and plaintiff has no evidence that anyone else ever complained about the distance between the racks at the store. In addition, plaintiff has come forth with no evidence that defendant knew or should

7

Case 5:15-cv-06154-FJG   Document 39   Filed 10/12/16   Page 7 of 9

have known that the placement of the clothing racks was a dangerous condition. Therefore, plaintiff cannot demonstrate that defendant had a duty to protect plaintiff from this open and obvious condition, and defendant's motion for summary judgment must be granted on this basis.

### B. Prima Facie Case of Negligence - Causation

In the alternative, defendant argues that plaintiff cannot demonstrate a prima facie case of negligence. Plaintiff's theory of the case is that plaintiff tripped over a rack that was projecting out into an aisle. As noted above, plaintiff has failed to adduce evidence that defendant knew or should have known of an alleged dangerous condition which was not open or obvious to its business invitees. In addition, defendant argues that plaintiff has no evidence as to what actually caused plaintiff's injuries. Plaintiff's mother did not see what caused plaintiff to fall. And, as discussed above, neither plaintiff nor her three-year-old twin sister are competent to testify as to what they witnessed. The pled theory, that the rack was projecting out into an aisle, turned out to be inaccurate, as Ms. Shields testified that all the feet of the rack were in the carpeted area of the children's apparel department, not on the tiled aisle. Defendant argues, therefore, that there is nothing in the record besides speculation to demonstrate that the incident was not simply the result of a three-year-old walking (or running) in defendant's store. The Court agrees. Plaintiff has provided the Court no competent evidence demonstrating the mechanics of plaintiff's injury; in other words, plaintiff has not "come forward with specific facts showing that there is a genuine issue for trial." Torgerson v. City of Rochester, 643

8

Case 5:15-cv-06154-FJG   Document 39   Filed 10/12/16   Page 8 of 9

F.3d 1031, 1042 (8th Cir. 2011) (en banc). Because plaintiff cannot demonstrate causation, summary judgment must be granted on this alternative basis as well.

**V.     Conclusion**

Accordingly, for all the reasons stated herein, defendant's motion for summary judgment (Doc. No. 31) is **GRANTED.**

**IT IS SO ORDERED.**

Dated: <u>October 12, 2016</u>　　　　　　　　　　　　**/s/ Fernando J. Gaitan, Jr.**
Kansas City, Missouri　　　　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge